**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Audiowear Technology Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified On Schedule A<br>,<br><br>*Defendant*. | **CASE NO.** 24-cv-11454<br><br>**Judge** Andrea R. Wood<br><br>**Magistrate Judge** Jeannice W. Appenteng |

**DEFENDANT LIFEBEE'S MOTION FOR EVIDENTIARY HEARING ON MOTION TO VACATE PRELIMINARY INJUNCTION**

Defendant Shenzhen Longgang Lemaimai Trading Firm d/b/a Lifebee Global ("Defendant" or "Lifebee") moves for an evidentiary hearing on its Motion to Vacate the Preliminary Injunction and Dissolve the Asset Restraint (Dkt. 67). In support, Lifebee states:

1. On March 4, 2025, the Court entered a Preliminary Injunction Order and continued a prejudgment asset restraint. See Dkts. 44–45. On June 6, 2025, Lifebee filed a motion to vacate with supporting technical evidence. Dkt. 67. Plaintiff opposed (Dkt. 71) and Lifebee replied (Dkt. 74). The matter is fully briefed, and a status hearing is set for August 20, 2025, at 10:00 a.m.

2. The Preliminary Injunction issued before Lifebee appeared or answered. Service was effected on February 18, 2025, with an answer deadline of March 11, 2025; the Court granted the PI on March 4, 2025 (Dkts. 34, 44-45). Lifebee appeared on March 25 and 28 and answered on April 18, 2025 (Dkts. 52-53, 55, 56). Given that the Preliminary Injunction was issued on a largely one-sided record, a focused evidentiary hearing is now warranted.

3. An evidentiary hearing is required when the non-movant's response raises genuine issues of material fact that could affect the injunction decision. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002) (citing *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997); *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) (per curiam)); *Elliott v. Kiesewetter*, 98 F.3d 47, 53 (3d Cir. 1996); *Schulz v. Williams*, 38 F.3d 657 (2d Cir. 1994) (per curiam).

4. Defendant has engaged an expert witness, Mr. Joseph Napurano, an industrial designer with over 35 years of experience in consumer product development, including wearable electronics. Mr. Napurano holds a B.F.A. in Industrial Design from the Rhode Island School of Design and has served as a senior designer and product development director at companies such as Reebok and Ryka. He currently leads a design consultancy and teaches industrial design at RISD. Mr. Napurano will offer an expert opinion on the non-infringement of Plaintiff's patent and on the integration, configuration, and physical placement of components in the accused product.

WHEREFORE, Defendant respectfully requests that this Honorable Court conduct a focused evidentiary hearing before ruling on Defendant's Motion to Vacate the Preliminary Injunction and Dissolve the Asset Restraint (Dkt. 67), so the Court may resolve disputed factual issues bearing on both infringement and irreparable harm.

Date: July 28, 2025

/s/ Ruoting Men

Ruoting Men, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
ruoting.men@glacier.law
212-729-5049

***Attorney for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this July 28, 2025, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

/s/ Ruoting Men
Ruoting Men, Esq.